UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-25137-ALTONAGA/Reid

**IDA SPELLS**,

Plaintiff,

v.

**CARNIVAL CORPORATION,**

Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CARNIVAL CORPORATION ("Carnival") or ("Defendant"), by and through undersigned counsel, hereby files its Answer and Affirmatives Defenses to Plaintiff's Amended Complaint [ECF No. 5], and states as follows*:

### ANSWER

1.      Admitted the Complaint seek damages, denied as to entitlement to same.

2.      Denied.

### THE PARTIES

3.      Without knowledge, therefore denied.

4.      Admitted for purposes of this litigation only that jurisdiction is proper.

5.      Admitted Carnival operated the *Conquest* at all times relevant.

### JURISDICTION and VENUE

6.      Admitted for purposes of this litigation only that jurisdiction is proper.

7.      Admitted for purposes of this litigation only that jurisdiction is proper.

8.      Admitted for purposes of this litigation only that jurisdiction is proper.

9.      Admitted.

## FACTUAL ALLEGATIONS

10.     Admitted.

11.     Admitted only that Plaintiff was lawfully onboard the *Conquest*.

12.     Admitted.

13.     Admitted.

14.     Denied as phrased.

15.     Denied as phrased.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied as phrased.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Admitted Plaintiff reported the incident and was treated in the medical center.

28.     Denied, including subparts (a) through (h).

29.     Denied.

## FIRST CLAIM FOR RELIEF
### Negligent Maintenance

30.     Admitted Plaintiff alleges a negligence maintenance claim.

31. Admitted Carnival owes a duty of reasonable care to its passengers.

32. Denied.

33. Denied.

34. Denied as an improper and incomplete legal conclusion.

35. Denied as improper and incomplete legal conclusion.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied as an improper and incomplete legal conclusion.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

**SECOND CLAIM FOR RELIEF**
**Negligent Failure to Warn**

45. Admitted Plaintiff alleges a failure to warn claim.

46. Denied.

47. Admitted Carnival owes a duty of reasonable care to its passengers.

48. Denied as an improper legal conclusion.

49. Denied as an improper and incomplete legal conclusion.

50. Denied as phrased.

51. Denied.

52. Denied.

53.     Denied as an improper and incomplete legal conclusion.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

## THIRD CLAIM FOR RELIEF
### Negligent Training

59.     Admitted Plaintiff alleges a negligent training claim.

60.     Denied.

61.     Denied as phrased.

62.     Denied as phrased.

63.     Denied.

64.     Admitted Carnival owes a duty of reasonable care to its passengers.

65.     Denied as an improper and incomplete legal conclusion.

66.     Denied as an improper legal conclusion.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

## FOURTH CLAIM FOR RELIEF
### Negligent Hiring

73.     Denied as phrased.

74.     Denied as an improper legal conclusion.

75.     Denied.

76.     Denied as an improper legal conclusion.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

## FIFTH CLAIM FOR RELIEF
### Negligent Retention

85.     Denied as an improper legal conclusion.

86.     Denied.

87.     Denied as an improper legal conclusion.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.    Denied.

## SIXTH CLAIM FOR RELIEF
### Negligent Design, Construction, and/or Selection of Materials

96.    Denied as phrased.

97.    Denied as phrased.

98.    Denied as phrased.

99.    Denied as an improper and incomplete legal conclusion.

100.   Denied as phrased.

101.   Denied.

102.   Denied as an improper legal conclusion.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

*    Any allegation not specifically admitted to is hereby denied, including all damages sought in the wherefore clause.

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, Carnival states as follows:

A.    Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

B.      Plaintiff did not exercise ordinary care, caution, or prudence for her own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

C.      Plaintiff has failed to mitigate her losses or damages claimed against Defendant by failing to take advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage. Specifically, medical records to be obtained in discovery may indicate Plaintiff did not seek out medical treatment in a reasonable amount of time or did not follow the advice of her doctors.

D.      Plaintiff was negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

E.      The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, arguendo, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

F.      Any risks complained of by Plaintiff were open and obvious, obviating any duty to warn by Defendant.

G.      The allegedly dangerous condition, if in existence, was such an open and obvious condition that the Plaintiff did or should have observed and comprehended same; thus, avoiding

the alleged accident and as such, any recovery of the Plaintiff herein is barred or should be accordingly reduced.

H.      The Plaintiff's claimed past medical damages are inflated and should be limited to those that are reasonable and necessary based on all relevant evidence, including amounts billed, amounts paid, and any expert testimony or other relevant evidence pertaining to past medical damages.

I.      Defendant is entitled to a set-off for all sums paid or payable by collateral sources.

J.      General maritime law applies to Plaintiff's claims.

K.      Plaintiff's claims are governed by maritime law and any recovery is limited to same.

L.      This action is governed by and subject to the terms, limitations, and conditions contained within the Plaintiff's Passenger Ticket Contract.

Discovery has not yet begun, and Defendant reserves the right to amend and supplement its affirmative defenses.

Dated: February 11, 2025

Respectfully submitted,

/s/ Cooper Jarnagin

Michael J. Drahos
Florida Bar No. 0617059
Michael.Drahos@Gray-Robinson.com

W. Cooper Jarnagin
Florida Bar No. 117767
Cooper.Jarnagin@Gray-Robinson.com

Ashley Genoese
Florida Bar No. 1019357
Ashley.Genoese@Gray-Robinson.com

GrayRobinson, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33140
Telephone: (561) 268-5727
Attorneys for Defendant